IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALBERT RUSSELL JASO,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON COUNTY SHERRIFFS ET. AL,<br><br>Defendants. | 4:19CV3106<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, Albert Russell Jaso, filed his Complaint (Filing 1) on October 28, 2019, and subsequently was granted leave to proceed in forma pauperis. Plaintiff paid the required initial partial filing fee on February 12, 2020. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff's mailing address indicates he currently is a prisoner at the Lincoln Diagnostic and Evaluation Center in Lancaster County, Nebraska, but he appears to be bringing an excessive force claim against jailers in Dawson County, Nebraska. Three Dawson County Deputy Sheriffs are named as Defendants: Officers Schlemat, Area, and Castellano. Plaintiff also sues "unknown unnamed Defendants" at the Dawson County Sheriff's Office. The Complaint is captioned "Albert Russell Jaso v. Dawson County Sherriffs et. al," [*sic*] but the Sheriff's Office is not identified as a defendant in the body of the Complaint. In any event, the Sheriff's Office is not a suable entity and would not be a proper defendant.[1]  Plaintiff alleges:

---

[1] **Error! Main Document Only.**Each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23-101, but the same is not true of county offices or departments. *See Holmstedt v. York County Jail Supervisor (Name Unknown)*, 739 N.W.2d 449, 461 (Neb. App. 2007) (York County Sheriff's Department was not proper defendant), *rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008); *Winslow*

> I was assaulted by 3 jailors there is video and a paper trail in my kiosk account. Also I wrote the Ombudsmans Office and they were doing an investigation but dropped it. My sister Ida Jaso filed charges but no follow up has been done.

(Filing 1, p. 4 (spelling and punctuation as in original).) Plaintiff is requesting $500,000 in damages for "pain and suffering, deliberate indifference, and mental anguish," and "would like to see criminal charges against the Defendants."² (*Ibid.*)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *28* U.S.C. § 1915(e)(2)(B).

---

*v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (Gage County Sheriff's Office was not proper defendant)**Error! Main Document Only.**; *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) *(*departments or subdivisions of local government are "not juridical entities suable as such"); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit*).*

² "The courts do not decide whether an individual should be charged with a crime; that responsibility rests solely with the executive branch of the federal government." *Giishig v. U.S. Dep't of Health & Human Servs.*, No. CIV. 10-3607 MJD/AJB, 2010 WL 3951898, at *2 (D. Minn. Sept. 2, 2010); s*ee United States v. Nixon,* 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *United States v. Smith,* 231 F.3d 800, 807 (11th Cir.2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.").

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because Plaintiff does not specify that Defendants are sued in their individual capacities, it must be assumed that they are sued only in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). An official-capacity claim is, in effect, a claim made against the governmental entity—in this case, Dawson County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his

3

official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

A county "may only be held liable for constitutional violations which result from a policy or custom of the municipality," *Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 928 (8th Cir. 2000), whether the policy or custom is "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014); *Monell*, 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

As presently written, Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff makes no allegations whatsoever relating to the existence of a Dawson County policy or custom of using excessive force against

4

inmates of the Dawson County jail, and because there are no facts alleged to support a finding that Plaintiff's rights under the Fourteenth Amendment's Due Process Clause[3] were violated by Defendants. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right.").

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Dawson County in accordance with the *Jane Doe* standard.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from today's date in which to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: March 20, 2020: check for amended complaint.

Dated this 19th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] This assumes that Plaintiff was a pretrial detainee at the Dawson County jail. If Plaintiff was a convicted prisoner, an excessive force claim would instead be analyzed under the Eighth Amendment.