IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALBERT JASO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DAWSON COUNTY SHERRIFFS ET AL; DAWSON COUNTY SHERRIFFS OFF. SCHLEMAT, in his individual and official capacities; DAWSON COUNTY SHERIFFS OFF. CASTELLANO, in his individual and official capacities; and DAWSON COUNTY SHERRIFF OFFICER BAREA, in his individual and official capacities;<br><br>　　　　　Defendants. | 4:19CV3106<br><br>**ORDER** |

　　IT IS ORDERED that Defendants' motion for extension of time, etc. (Filing 24) is granted, as follows:

　　1.　　The clerk of the court shall correct the docket sheet as follows:

　　　　a.　　Defendant "Dawson County Sherriffs et al" shall be removed from the case caption because it is no longer a party. (See Filing 19.)[1]

　　　　b.　　Defendant "Dawson County Sherriffs Off. Schlemat, in his individual and official capacities," shall now be identified as "Mark Schlecht, in his individual capacity." (See Filings 19, 24, 25.)

　　　　c.　　Defendant "Dawson County Sherriffs Off. Castellano, in his individual and official capacities," shall now be identified as "Omar Castellanos, in his individual capacity." (See Filings 19, 24, 25.)

---

[1] The court notes that "Unknown unnamed Defendants" were properly removed from the case caption on April 20, 2020, pursuant to Filing 19.

      d.    Defendant "Dawson County Sherriff Officer Barea, in his individual and official capacities," shall now be identified as "Brett Area, in his individual capacity." (See Filings 19, 24, 25.)

    2.    Based upon their showing of good cause and excusable neglect, Defendants Omar Castellanos and Brett Area, in their individual capacities, shall have until August 22, 2020, to answer or otherwise respond to Plaintiff's Amended Complaint.

    3.    The clerk of court is directed to obtain the last known address for Defendant Mark Schlecht (formerly employed as a correctional officer at the Dawson County Sheriff's Office) from the Marshals Service for service of process on him in his individual capacity.[2]

    4.    Upon obtaining the necessary address, the clerk of court is directed to complete and issue summons for service on Defendant Mark Schlecht, in his individual capacity. The clerk of court is further directed to deliver the summons, the necessary USM-285 Form, a copy of Plaintiff's Amended Complaint (Filing 16), and a copy of the court's April 20, 2020 Memorandum and Order (Filing 19) to the Marshals Service for service of process on said Defendant. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[3]

---

[2] It appears Mr. Schlecht separated from his employment prior to the Dawson County Sheriff's Office receiving the previously issued summons (Filings 20, 23).

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson,* 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. The clerk of court is directed to file under seal any document containing the last known address for Defendant Mark Schlecht.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 60 days from the date of this order to complete service of process.

8. The clerk of court is directed to set the following pro se case management deadline: September 21, 2020: check for completion of service of process.

Dated this 23rd day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge