IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALBERT JASO, | **4:19CV3106** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| MARK SCHLECHT, in his individual capacity; OMAR CASTELLANOS, in his individual capacity; and BRETT AREA, in his individual capacity, | |
| Defendants. | |

This matter is before the court on several discovery motions filed by Plaintiff (Filings 39-45), and also on his renewed motion to appoint counsel (Filing 46). For the reasons stated below, all of the motions will be denied.

<u>Discovery Motions</u>

Filings 39-41 are motions to determine the sufficiency of Defendants' answers or objections to Plaintiff's requests for admission. *See* Fed. R. Civ. P. 36(a)(6). Filings 42-44 are motions to compel Defendants to provide more definite answers to Plaintiff's interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii). Filing 45 is a motion "for discovery pursuant to Fed. R. Civ. P. 26," which the court construes as a motion to compel disclosures, *see* Fed. R. Civ. P. 37(a)(3)(A), combined with a motion to modify the court's progression order, *see* Fed. R. Civ. P. 16(b)(4).

In filing these discovery-related motions, Plaintiff has failed to comply with the court's local rule, which provides:

To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties

and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party."

NECivR 7.1(j); *see also* Fed. R. Civ. P. 37(a) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Although Plaintiff appears pro se, he is "bound by and must comply with all local and federal procedural rules." NEGenR1.3(g). Filings 39-45 therefore will be denied. *See, e.g.*, *Ditter v. Nebraska Dep't of Corr. Servs.*, No. 4:16CV3159, 2017 WL 4564721, at *4 (D. Neb. Oct. 11, 2017) (denying pro se prisoner's discovery motion); *Muhammad v. Busboom*, No. 4:15CV3136, 2017 WL 788340, at *1 & n. 2 (D. Neb. Jan. 23, 2017) (same).

Also, with respect to Filing 45, Plaintiff was previously advised that "all pro se civil cases (where the plaintiff is proceeding without a lawyer) that are assigned to a district judge for trial, whether filed by a prisoner or not, are exempted from the disclosure and conference requirements of Federal Rule of Civil Procedure 26… Instead, the court will issue a progression order, addressing discovery and other issues, …." General Order No. 2016-02, ¶¶ 17, 18 (Filing 4). The progression order entered in this case provides:

> All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before September 24, 2020.

(Filing 29, ¶ 1.)

2

To modify a progression order, a party must show good cause for the modification. *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 809 (8th Cir. 2006); Fed. R. Civ. P. 16(b)(4). "To establish good cause, a party must show its diligence in attempting to meet the progression order." *Id.* Plaintiff has failed to make the required good cause showing.

## Motion to Appoint Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *See* 28 U.S.C. § 1915(e); *Phillips*, 437 F.3d at 794; *Edgington*, 52 F.3d at 780. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780. Having again considered these factors, the court concludes that appointment of counsel is not warranted at this time. *See, e.g., Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims). This is not a complicated case that requires extensive investigation, and the time for conducting written discovery ended over two months ago. Plaintiff's lack of legal training and limited access to a law library do not differentiate him from most pro se prisoner-plaintiffs. Plaintiff's Amended Complaint (Filing 16) was competently prepared, and he has also been able to conduct discovery.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to determine the sufficiency of an answer or objection by Defendant Brett Area (Filing 39) is denied.

2. Plaintiff's motion to determine the sufficiency of an answer or objection by Defendant Mark Schlecht (Filing 40) is denied.

3. Plaintiff's motion to determine the sufficiency of an answer or objection by Defendant Omar Castellanos (Filing 41) is denied.

4. Plaintiff's motion to compel more definite answers to interrogatories by Defendant Brett Area (Filing 42) is denied.

5. Plaintiff's motion to compel more definite answers to interrogatories by Defendant Mark Schlecht (Filing 43) is denied.

6. Plaintiff's motion to compel more definite answers to interrogatories by Defendant Omar Castellanos (Filing 44) is denied.

7. Plaintiff's motion for discovery (Filing 45) is denied in all respects.

8. Plaintiff's renewed motion to appoint counsel (Filing 46) is denied without prejudice to reassertion.

Dated this 1st day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge